FILED
2006 Dec-29  PM 09:38
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | | |
|---|---|---|
| **STANLEY DIXON; SADIE DIXON,** as administrator of the Estate of Andrew Dixon, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| **vs.** | ) ) ) | |
| **TOWN OF PARISH, ALABAMA;** **THE ESTATE OF OSCAR "SONNY" GRAYSON SORRELL, deceased;** **WILFORD CAGLE; JAMES SMITH, CHARLES DEAN;  LLOYD HITT; JACK SMITH; BILLY J. DUNN, *etc.*, *et al.*,** | ) ) ) ) ) ) ) ) | Civil Action Number **6:06-cv-1424-UWC** **6:06-cv-1591-UWC** |
| Defendants. | ) | |

**MEMORANDUM OPINION GRANTING MOTION TO DISMISS**

Amidst all the confusion generated by the pleadings in these cases in this court, certain facts are undeniable.

The operative events which gave rise to these Section 1983[1] lawsuits occurred in July 2004.  These are tort actions seeking compensatory and punitive damages for alleged violations of various federal constitutional rights, and state law claims of

---

[1] 42.U.S.C. § 1983.

wantonness, negligence, carelessness or unskillfulness, negligent supervision negligent retention, false arrest and false imprisonment, and assault and battery.[2] Andrew Dixon died on April 4, 2005. At the time of Andrew Dixon's death, no lawsuit had been filed against these Defendants based on the occurrences of July 2004.

Under these facts, the Defendants' Motions to Dismiss (Doc. 18 in 06-1424; Doc. 9 in 06-1591) are due to be granted. Under Alabama law, tort claims, including those brought under Section 1983, do not survive the death of the alleged victim; rather they die with him. The causes of action set forth in both complaints expired on April 4, 2005 - more than a year prior to the filing of the earliest of the complaints.

While the Administratrix Plaintiff is free to bring an action for wrongful death, she has not done so.[3]  The Court notes, however, that in neither of the original or amended complaints filed in this Court is an allegation that the Defendants' actions caused the death of the Plaintiff decedent.

Accordingly, the Motion to Dismiss will be granted, and these actions will be dismissed, without prejudice to the right of the Administratrix Plaintiff to initiate an action for wrongful death.

---

[2] (Doc. 1, pp. 4-11.)

[3] On December 2, 2006, Plaintiff filed a Motion for leave to Amend Complaint, to allege "that the conduct of the defendants was the cause of death of the plaintiff-decedent Andrew Dixon." (Doc. 10).

_____
U.W. Clemon
United States District Judge